UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-00539-AB (Ex) | Date: | May 6, 2020 |
|---|---|---|---|

| Title: | Douglas E. Cameron, II v. The Internal Revenue Service et al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>GRANTING</u> MOTION TO DISMISS (Dkt. No. 12) AND <u>DENYING</u> EX PARTE APPLICATION TO REMAND (Dkt. No. 15)**

Before the Court is a Motion to Dismiss ("Motion," Dkt. No. 12) filed by the United States of America. Plaintiff Douglas E. Cameron, II ("Plaintiff") filed an untimely opposition and the United States filed a reply. Plaintiff also filed an Ex Parte Application to Remand (Dkt. No. 15), to which the United States filed an opposition. The Motion to Dismiss is **<u>GRANTED</u>** and the case is **<u>DISMISSED WITHOUT LEAVE TO AMEND</u>**. The Ex Parte Application is **<u>DENIED</u>**.

**I.   DISCUSSION**

Plaintiff originally filed his Complaint in Los Angeles County Superior Court asserting a claim against the Internal Revenue Service ("IRS") and its agent Vincent Davis alleging that the IRS unlawfully imposed a tax lien on his property. The United States removed the action pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against "[t]he United States or any agency thereof . . .". The Court rejects Plaintiff's argument that the removal was untimely.

### A. The United States is the Proper Party Defendant and Timely Removed This Action.

Plaintiff named the IRS and one of its employees as defendants in this case. Federal agencies like the IRS may not be sued in their own name except to the extent Congress may specifically allow such suits. *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). Congress has made no provisions for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. *See Pesci v. Internal Revenue Service*, 67 F.Supp.2d 1189, 1195 (D.Nev.1999); *Krouse v. United States Treasury Dep't*, 380 F.Supp. 219, 220 (C.D.Cal.1974). Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant. *See* 26 U.S.C. § 7422(f) (suit arising out of dispute over tax monies owed may only be maintained against the United States); 26 U.S.C. §§ 7430(a), 7431, 7432, 7433 (suits for damages arising out of certain specified IRS actions may be maintained against the United States).

Accordingly, the Court recognizes that the United States is the proper defendant and will order it substituted for the IRS and the individual agent.

The Court also rejects Plaintiff's argument that this action was not timely removed. This notice of removal is timely because the United States has not been properly served pursuant to either Fed. R. Civ. P. 4(i) or California law (*see* Dkt. No. 6-1, pp. 17-18), and the time to remove is not triggered until a defendant has been properly served. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (receipt of a copy of the complaint without formal service cannot commence the 30-day removal period and that only proper service on the defendant commences the 30-day period).

### B. The Court Lacks Subject Matter Jurisdiction Over This Action.

The United States now moves to dismiss the action on several bases, including improper service, sovereign immunity, and failure to state a claim. But the action must be dismissed for an even more fundamental reason: under the doctrine of derivative jurisdiction, the Court lacks subject matter jurisdiction over this action. The doctrine of derivative jurisdiction holds that "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Thus, "[i]f the state court lacks jurisdiction of the subject-matter or the parties, the federal court acquires none" upon removal. *See Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922); *Cox v. U.S. Dept. of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (dismissal required due to lack of derivative jurisdiction over claim removed pursuant to 28 U.S.C. § 1442).

Here, Plaintiff's claims arise under the Internal Revenue Code, and relate to a lien placed on his property. The code authorizes actions challenging liens and levies to be brought before the United States District Court or the Tax Court. *See, e.g.*, 26 U.S.C. § 7432(a) (claim for damages for failure to release lien must be brought in United States District Court), § 7429(b) (district courts have jurisdiction under section 7429(b) to review a taxpayer's challenge to any jeopardy assessment, jeopardy levy, or termination assessment undertaken by the IRS). In 28 U.S.C. § 2410, Congress consented to the United States being joined in certain interpleader, quiet title, and foreclosure actions in state court involving property in which IRS may claim an interest, but Plaintiff's claim is not one of these kinds of cases. The Court discerns no provision consenting to claims like Plaintiff's to be litigated in state court.

Accordingly, because Congress did not authorize the kind of claim Plaintiff brings to be brought in state court, the Superior Court lacked subject matter jurisdiction over Plaintiff's claims. It therefore follows under the doctrine of derivative jurisdiction that this Court likewise lacks subject matter jurisdiction over this case on removal. This jurisdictional defect cannot be remedied, so dismissal without leave to amend is the appropriate remedy. *See Cox*, 800 F.3d at 1032 (dismissal—not remand—was appropriate remedy where, under doctrine of derivative jurisdiction, district court lacked subject matter jurisdiction over removed case). In light of the foregoing, the Court will not address any of the other grounds raised in the Motion, and denies Plaintiff's Ex Parte Application for remand.

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

- The Internal Revenue Service and Vincent Davis are **DISMISSED** and the United States is **SUBSTITUTED** as the proper party defendant.

- The Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without leave to amend.

- The Ex Parte Application is **DENIED**.

**IT IS SO ORDERED.**